UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ASHLEY DENISE HALE**      **PLAINTIFF**

**VS.**      **CAUSE NO.** 1:22cv183HSO-RHWR

**ANCELMO INEZ GALINDO, INDIVIDUALLY
AND AS AN EMPLOYEE AND AGENT OF
GREAT LAKES DREDGE & DOCK COMPANY,
LLC, D/B/A GREAT LAKES DREDGING, LLC;
GREAT LAKES DREDGE & DOCK COMPANY,
D/B/A GREAT LAKES DREDGING, LLC;
AND JOHN DOES #1-10**      **DEFENDANTS**

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI (SOUTHERN DIVISION)

NOW INTO COURT, through undersigned counsel, come Defendants, Ancelmo Inez Galindo and Great Lakes Dredge & Dock, LLC (hereinafter "Defendants"), who file this Notice of Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

### I. BACKGROUND

1. Plaintiff, Ashley Denise Hale, filed a lawsuit styled "*Ashley Denise Hale v. Ancelmo Inez Galindo, Individually and as an Employee and Agent of Great Lakes Dredge & Dock Company, LLC, d/b/a Great Lakes Dredging, LLC; Great Lakes Dredge & Dock Company, d/b/a Great Lakes Dredging, LLC; and John Does #1-10*," bearing docket number A24022200119, in the Circuit Court of Harrison County, State of Mississippi, Second Judicial

District, with the original *Complaint* being filed on June 7, 2022. *See* Plaintiff's Complaint, attached as **Exhibit 1.**

## II. BASIS OF REMOVAL

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is removable pursuant to 28 U.S.C. §§ 1441 and 1446. The parties are citizens of different states, and the amount in controversy satisfies the requisite jurisdictional amount set forth in 28 U.S.C. § 1332(a).

### A. PARTIES

3. There is complete diversity of citizenship between Plaintiff and Defendants.

4. Plaintiff, Ashley Denise Hale, is an individual and a resident of Leon County, Florida. *See* Plaintiff's Complaint, ¶ 1.

5. Defendant, Ancelmo Inez Galindo, is an individual and a resident of Texas. *See* Complaint, ¶2.

6. For diversity purposes, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1081 (5th Cir. 2008).

7. Defendant, Great Lakes Dredge & Dock, LLC, is a single-member, Delaware limited liability company. The sole member of Great Lakes Dredge & Dock, LLC is Great Lakes Dredge & Dock Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas.

8. Plaintiff's *Complaint* also names John Does 1-10 as Defendants. The rule of unanimity regarding the consent to removal by all defendants applies only to properly served and joined defendants. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 847 F.2d 1254, 1261-62 (5th Cir.

1988). "Defendants . . . who are unserved when the removal petition is filed need not join in it." *See Getty Oil*, 841 F.2d at 1261, n.9 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S. Ct. 347, 83 L. Ed. 334 (1939)). There is currently no indication that any person that Plaintiff may have intended to include as a Defendant under John Does 1-10 has either been properly joined or served in the pending civil action. Accordingly, Defendants maintain that the consent of John Does 1-10 is not necessary for removal.

### B.  AMOUNT IN CONTROVERSY

9. Plaintiff's *Complaint* does not specify an amount of damages.

10. "A court has two methods by which the amount in controversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000." *Jernigan v. Medi Share*, 2019 U.S. Dist. LEXIS 213140, *3 (S.D. Miss. June 3, 2019) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)). "Second, if it is not facially apparent that the claims are likely to be above $75,000.00, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount." *Id.*

11. As the Court explained in *Jernigan v. Medi Share*, "[w]hen determining if the amount in controversy could exceed the minimum threshold, district courts must consider the types of claims alleged by the Plaintiff and the nature of the damages sought. 2019 U.S. Dist. LEXIS 213140, at *3-4 (S.D. Miss. June 3, 2019) (citing *Allen v. R& H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "[C]ourts throughout the Fifth Circuit have adopted a 'common sense' approach to determining if the amount in controversy exceeds the $75,000 threshold. *Id.* at *4 (citing *Randle v. Smithkline Beecham, Corp.*, 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004)). "This approach requires a court to look at the number of defendants, the standing of the parties,

the number of plaintiffs, and also the 'types of harm(s) alleged to determine if the 'amount in controversy will, more likely than not, exceed $75,000.'" *Id.* at *4 (quoting *Randle*, 338 F. Supp. 2d at 709).

12. Plaintiff alleges that on or about November 3, 2020, she was involved in a motor vehicle collision in Harrison County, Mississippi. *See* Complaint, ¶6. Plaintiff alleges Defendant Ancelmo Inez Galindo ran a red light. *Id.* at ¶7. Plaintiff seeks past, present, and future pain and suffering and resulting emotional distress and mental anguish; past, present, and future loss of wages or wage earning capacity; past medical expenses; future medical expenses; property damage; pre-judgment interest; post-judgment interest; loss of household services; all costs of court; and all other damages recoverable under Mississippi law to be show at the trial of this matter. *Id.* at ¶11.

13. According to the medical records provided thus far by Plaintiff, she initially sought emergency treatment and has since undergone chiropractic treatment for alleged neck and back pain; cervical and lumbar MRIs, which revealed possible disc herniations at L2-3 and L4-5 as well as disc herniations at C5-C6 and C4-C5 and multiple levels of mild facet joint arthropathy; and injections. Additionally, one of her medical providers has opined she will require surgery. According to the records provided to Defendants, Plaintiff has incurred $34,005.81 in medical expenses. Plaintiff's medical records also indicate she has missed work due to pain following the accident. The amount of her alleged lost wage claim is unquantified.

14. In this case, common sense and the medical records and bills produced to date support, by a preponderance of the evidence, a finding that the amount in controversy exceeds $75,000. *See, i.e., Kilgore v. Glass,* 2008 WL 509166, at *6 (N.D. Miss. Feb. 21, 2008) (amount in controversy exceeded sum or value of $75,000, exclusive of interest and costs, where the

plaintiff was involved in a motor vehicle accident and subsequently sought emergency care followed by headaches and pain in her neck, back, arm, hip, and left shoulder and was later diagnosed with two cervical disc herniations requiring surgical intervention); *Smith v. Domilise*, No. CV 21-1409, 2021 WL 4707571, at *3 (E.D. La. Oct. 8, 2021) (citing , No. 15-394, 2016 WL 1317937 at *5 (M.D. La. March 11, 2016)) ("jurisprudence indicates that in cases where a plaintiff has herniated and bulged discs, and seeks both general and special damages, the removing party has met their burden of proving diversity jurisdiction is proper.").

### III. REMOVAL PROCEDURE

15. This Notice of Removal is filed within 30 days of the receipt by or service upon Defendants of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

16. The state court action was commenced on June 7, 2022 and this removal has been filed within one (1) year after its commencement.

17. The United States District Court for the Southern District of Mississippi (Southern Division) is the district and division within which the above-described state court action is pending and, as a result, jurisdiction and venue are proper in this Court for removal of the Plaintiff's action under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(a).

18. Under 28 U.S.C. § 1446(d), the mover affirms that it will give written notice of this removal to all adverse parties and will file a copy of the Notice with the Harrison County Circuit Court.

19. Further, pursuant to 28 U.S.C. § 1447(b) and L.U.C.R. 5(b), a complete copy of the state court record will be filed within 14 days.

20.     Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal.  He likewise certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

### IV.  CONCLUSION

21.     In view of the foregoing facts and application of Mississippi law, this Court has original jurisdiction, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), as there is complete diversity of citizenship between the proper parties and the judgment value of the damages sought by Plaintiff is in excess of the federal jurisdictional limit under 28 U.S.C. §1332.

22.     Defendants file with this *Notice of Removal* the following:

   a) Civil Cover Sheet;

   b) **Exhibit 1:**  Plaintiff's Complaint; A copy of the entire state court record will be filed within 14 days, pursuant to L.U.C.R. 5(b);

   c) **Exhibit 2:** A list of all attorneys involved herein to date, including their addresses, telephone numbers and who they represent; and

23.     Pursuant to 28 U.S.C. §1446(d), promptly after filing this *Notice of Removal*, a copy will be filed with the Circuit Court of Harrison County, Mississippi and served upon all counsel of record.

24.     Defendants reserve the right to amend or supplement this *Notice of Removal*.

WHEREFORE, PREMISES CONSIDERED, Defendants, Ancelmo Inez Galindo and Great Lakes Dredge & Dock Company, LLC, respectfully request that this Court remove this

action from the Circuit Court of Harrison County, State of Mississippi, to the United States District Court for the Southern District of Mississippi (Southern Division) and take jurisdiction of this civil action to its conclusion and to the exclusion of any further proceedings in state court in accordance with federal law.

Respectfully submitted on this, the 15th day of July, 2022.

**ANCELMO INEZ GALINDO AND GREAT LAKES DREDGE & DOCK COMPANY, LLC, Defendants**

By: _____
MATTHEW M. WILLIAMS (#102541)
JENNIFER M. YOUNG (#103758)
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, A PLC**
2510 14th Street, Suite 910
Gulfport, MS 39501
Telephone: (228) 214-4250
Facsimile: (228) 214-9650
Email: mwilliams@gallowaylawfirm.com
         jyoung@gallowaylawfirm.com

**CERTIFICATE OF SERVICE**

I, the undersigned, as counsel of record for defendants do hereby certify that I have this date served the above and foregoing upon all counsel of record and interested persons via email and United States mail, postage prepaid.

Rocky Wilkins, Esq.
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
rocky@forthepeople.com
*Counsel for Plaintiff*

This the 15th day of July, 2022.

_____
MATTHEW M. WILLIAMS