IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ASHLEY DENISE HALE** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:22cv183-HSO-BWR |
| | § | |
| **ANCELMO INEZ GALINDO,** *individually and as an employee and agent of Great Lakes Dredge & Dock Company, LLC, d/b/a Great Lakes Dredging, LLC*, **et al.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER
REMANDING CASE TO STATE COURT**

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. Having considered the record and relevant legal authority, the Court finds that this case should be remanded to the Circuit Court of Harrison County, Mississippi, Second Judicial District, for lack of subject-matter jurisdiction.

I. BACKGROUND

Plaintiff Ashley Denise Hale ("Plaintiff" or "Hale") was injured in an automobile accident in November 2020, which she claims was caused by the negligence of Defendant Ancelmo Inez Galindo ("Galindo"). *See* Compl. [1-1] at 3. Plaintiff filed suit in the Circuit Court of Harrison County, Mississippi, Second Judicial District, against Defendants Galindo, individually and as an employee and agent of Great Lakes Dredge & Dock Company, LLC, d/b/a Great Lakes Dredging, LLC; Great Lakes Dredge & Dock Company, d/b/a Great Lakes Dredging, LLC; and

John Does #1-10. *See id.* at 1. Defendants removed the case to this Court invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice [1]. Plaintiff has not filed a motion to remand.

According to the Complaint, at the time of the collision Galindo was acting within the course and scope of his employment with "Defendant"; however, the Complaint is unclear which of the entities identified in the Complaint was Galindo's employer. *See* Compl. [1-1] at 1. The Complaint names Galindo as a Defendant both individually and as the employee and agent of "Great Lakes Dredge & Dock **Company, LLC**, d/b/a Great Lakes Dredging, LLC." *See id.* (emphasis added). However, "Great Lakes Dredge & Dock **Company, LLC**" is not named as a party to this action. *See id.* (emphasis added). The only named "Defendant" other than Galindo is "Great Lakes Dredge & Dock **Company**, d/b/a Great Lakes Dredging, LLC." *See id.* (emphasis added). Because the two entity names are different, it is unclear whether they are one and the same (with a typographical error in the entity's name) or whether they are separate entities. *See id.*[1]

---

[1] The body of the Complaint identifies Defendant as "Great Lakes Dredge & Dock **Company, LLC** *d/b/a* Great Lakes Dredging, LLC." Compl. [1-1] at 2 (emphasis added). However, this is a different entity than the one named in the caption of the Complaint, and under Federal Rule of Civil Procedure 10(a), the caption of a complaint must name all of the parties. *See* Fed. R. Civ. P. 10(a); 5A Fed. Prac. & Proc. Civ. § 1321 (4th ed.); *see also* Miss. R. Civ. P. 10(a) (substantively the same). To extent the caption was a misnomer that should be disregarded, this is not dispositive of jurisdiction, as Defendants have not properly alleged the citizenship of either entity named in the caption or the body of the Complaint.

2

II.  DISCUSSION

A.  Relevant legal authority

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal statutes are to be construed strictly against removal and for remand to state court."  *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Even where a plaintiff has not filed a motion to remand, a federal court is required to examine the basis of its subject-matter jurisdiction sua sponte.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021).  For diversity jurisdiction to exist, 28 U.S.C. § 1332(a)(1) provides that

> district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1)  citizens of different States . . . .

28 U.S.C. § 1332(a)(1).  This statute requires "complete diversity" of citizenship, meaning that "all of the plaintiffs must be citizens of different states than all of the defendants."  *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021).  The party invoking a federal court's diversity jurisdiction bears the burden of establishing that complete diversity exists, *see Ticer*, 20 F.4th at 1045, and that party "must distinctly and affirmatively allege the citizenship of the

parties," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

For purposes of diversity jurisdiction, an individual's residence and citizenship "are not synonymous terms," as citizenship requires more than mere residence. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). "Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *Id.* (quotation omitted).

Of relevance here, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). But the citizenship of a limited liability company "is determined by the citizenship of all of its members." *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quotation omitted). In order to establish diversity jurisdiction, "a party must specifically allege the citizenship of every member of every LLC." *Id.* (quotation omitted). If a member of a limited liability company is itself an artificial entity, the party invoking the Court's jurisdiction must trace its citizenship "down the various organizational layers where necessary." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

Under certain circumstances, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "But § 1653 'addresses only incorrect statements about jurisdiction that actually exists'; it doesn't provide a mechanism for parties to remedy 'defects in the jurisdictional

4

facts themselves.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)). The statute permits a court "to overlook a party's failure to plead diversity *if* a party can identify allegations and evidence in the record demonstrating diversity," *id.* (quotation omitted) (emphasis in original), meaning that "there is some reason to believe that jurisdiction exists," *id.* at 315.

In other words, an amendment under § 1653 is only permitted when it "would do nothing more than state an alternative jurisdictional basis for recovery *upon the facts previously alleged.*" *Howery*, 243 F.3d at 919 (quotation omitted) (emphasis in original). If there is no evidence of diversity, a court "cannot find diversity jurisdiction." *Id.* at 920; *see also Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986) (holding that, when "there was not merely a defective allegation of jurisdiction, but rather there was no tendered showing that jurisdiction in fact existed under the original or amended complaint," § 1653 is "inapplicable").

B. <u>Analysis</u>

Based upon the allegations contained in the record, there is no information from which the Court can ascertain the citizenship of either Defendant. *See* Notice [1] at 2; Compl. [1-1] at 2; *MidCap Media Fin., L.L.C.*, 929 F.3d at 314; *Aetna Cas. & Sur. Co.*, 796 F.2d at 776. First, the Complaint [1-1], Notice of Removal [1], and Defendants' Answer [2] merely state that Galindo is a "resident" of Texas. *See* Compl. [1-1] at 1; Notice [1] at 2; Answer [2] at 1. A statement of Galindo's residency alone is not sufficient to allege his citizenship. *See MidCap Media Fin.,*

*L.L.C.*, 929 F.3d at 313. Because there is no evidence in the record that Galindo's citizenship was diverse from Plaintiff's, the Court cannot find that diversity jurisdiction exists. *See Howery*, 243 F.3d at 920.

In addition, the record contains no evidence from which the Court can determine the citizenship of Defendant "Great Lakes Dredge & Dock **Company**, d/b/a Great Lakes Dredging, LLC," or the other entity identified in the body of the Complaint as a Defendant, "Great Lakes Dredge & Dock **Company, LLC** *d/b/a* Great Lakes Dredging, LLC." *See* Compl. [1-1] at 1-2 (emphasis added). The Notice of Removal provides citizenship information concerning "Great Lakes Dredge & Dock, LLC," *see* Notice [1] at 2, but that entity is not a party to this case, *see* Compl. [1].

The Notice of Removal identifies the sole member of "Great Lakes Dredge & Dock, LLC" as "Great Lakes Dredge & Dock Corporation" and states that this corporation is organized under the laws of Delaware with its principal place of business in Texas. *See* Notice [1] at 2. However, this information is insufficient because the named Defendant in this case is "Great Lakes Dredge & Dock Company," not the Corporation, *see* Compl. [1-1] at 1, and the record is devoid of any factual allegations concerning either Defendant Great Lakes Dredge & Dock Company's or Great Lakes Dredge & Dock Company, LLC's citizenship, *see id.*; Notice [1]; Ans. [2]; 28 U.S.C. § 1332(c)(1).

In sum, Defendants have not carried their burden of alleging their citizenship "distinctly and affirmatively," rendering it impossible to determine whether

complete diversity is present. *Howery*, 243 F.3d at 919 (quotation omitted). Because there is no evidence or any other basis in the present record from which the Court could conclude that subject-matter jurisdiction exists, 28 U.S.C. § 1653 is inapplicable, and this matter must be remanded to state court for lack of federal subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c); *MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that this civil action is **REMANDED** to the Circuit Court of Harrison County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 25th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE